IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY ALLEN TOURVILLE,  )
                      )
        Plaintiff,    )    No. 6:13-cv-1108-TC
                      )
        v.            )    FINDINGS & RECOMMENDATION
                      )
Commissioner of Social Security, )
                      )
        Defendant.    )

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits.

Plaintiff was 41 years old on the alleged onset date and 48 years old on the date last insured. He asserts disability due to Chron's disease, peripheral neuropathy, and neck and low back pain.

The ALJ determined that plaintiff last met the insured status requirements of the Social Security Act on June 30, 2007. The ALJ

1 - FINDINGS AND RECOMMENDATION

found that, through the date last insured, plaintiff had the residual functional capacity to perform sedentary work, however he could lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently; he could not climb ladders, ropes or scaffolds, but he could occasionally perform other postural maneuvers.

At step four of the sequential evaluation process, the ALJ found that, through the date last insured, plaintiff could perform his past relevant work as a manager of an industrial organization as he actually performed it.

The ALJ found that plaintiff was not under a disability at any time from the alleged onset date of January 1, 2001 through June 30, 2007, the date last insured.

Plaintiff contends that the ALJ erred in not discussing the medical studies of plaintiff's spine and nerve function completed after plaintiff's date last insured. Plaintiff also contends that the ALJ erred in his ultimate determination in his step four analysis. For the reasons discussed below, plaintiff's arguments are not persuasive and the Commissioner's decision should be affirmed.

1. <u>Plaintiff demonstrated no error or prejudice from omission of discussion of medical studies of plaintiff's spine and nerve function completed after plaintiff's date last insured.</u>

Plaintiff argues that the ALJ erred by not mentioning or considering reports of a January 2008 MRI of plaintiff's lumbar

2 - FINDINGS AND RECOMMENDATION

spine, a March 2009 MRI of plaintiff's cervical spine, and a May 2008 nerve conduction study. All of these reports post-dated plaintiff's date last insured of June 30, 2007.

Contrary to plaintiff's contention, the ALJ considered the reports of plaintiff's MRI and nerve conduction studies as the ALJ expressly stated he considered all the evidence and the entire record (Tr. 11, 13) and the MRI and nerve conduction studies are listed on the list of exhibits which the ALJ admitted on the record for the hearing (Tr. 21-22, 25).

While an ALJ must consider all the evidence, he must further state why he rejects significant, probative evidence. Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003). In this case, the reports of the 2008 and 2009 MRIs and the 2008 nerve conduction survey were not significant probative evidence such that the ALJ had to state reasons to reject them. Plaintiff argues that the reports are relevant because they support his allegations of severe low back impairment, severe neck impairment, and bilateral hand impairment. However, the ALJ expressly found that during the period at issue, plaintiff had peripheral neuropathy, primarily affecting his feet. (Tr. 13, 15). This is consistent with the report of the 2008 nerve conduction study, which documents that about 10 years previous, plaintiff developed numbness in his feet which extended up to his knees, and that subsequently his symptoms of hand neuropathy were numbness in his finger tips and his

3 - FINDINGS AND RECOMMENDATION

perception that his handgrip had decreased and was slowly progressing. (Tr. 211). The report documented that despite his symptoms, plaintiff continued to exercise approximately 3 times per week, using weights, as well as a body bag (Tr. 211). The reports of plaintiff's 2008 and 2009 lumbar and cervical spine do not show that plaintiff had a potentially disabling medically determinable back impairment prior to his date last insured.

Moreover, plaintiff points to no medical records showing that he complained of significant symptoms of back or hand impairments or sought or received treatment for such symptoms during the period at issue and there appears to be no such records. In contrast, the ALJ noted evidence documenting that, during the period at issue, plaintiff practiced boxing, golfed, exercised, did woodworking, clay work and yard work, remodeled his vacation home, traveled to Africa, and cared for his mother. (Tr. 15-16, 344, 377, 386).

Finally, a claimant fails to demonstrate reversible error from an ALJ's alleged omission of discussion of an impairment when the claimant identifies no evidence showing any greater limitations that the ALJ included in the residual functional capacity assessment. Burch v. Barnhart, 400 F.3d 676, 683-84 (9th Cir. 2005). Here none of the three reports identified by plaintiff conflicts in any way with the ALJ's assessment that plaintiff had the residual functional capacity to perform sedentary work with the additional ability to lift, carry, push and pull 20 pounds

4 - FINDINGS AND RECOMMENDATION

occasionally and 10 pounds frequently (Tr. 14). Even if there were error by the ALJ, plaintiff has shown no prejudice from any such error.

2. <u>Plaintiff failed to show that the ALJ erred in finding that plaintiff could perform his past relevant work and was not disabled</u>

Plaintiff notes early in his brief that "[a] claimant who can perform past relevant work is not disabled." P. 5 of Plaintiff's Opening Brief (#10). Plaintiff argues that the ALJ erred because plaintiff's past work was not relevant work as it "was not full time 'eight hours a day, for 5 days a week or an equivalent work schedule' as required by SSR 96-8P and relevant Ninth Circuit case law." <u>Id.</u> at p. 14. However, plaintiff cites no Ninth Circuit law holding that past relevant work must be full time, 8 hours a day, 5 days a week, or and equivalent schedule. Plaintiff cites out of circuit law that is not applicable as it addresses credibility determinations which are not at issue here. See <u>Id.</u> at p. 13. Past relevant work must have been substantial gainful activity, 20 C.F.R. §404.1560(b)(1), which, by definition, may be part time, 20 C.F.R. §404.1572(a). See <u>Moad v. Massinari</u>, 260 F.3d 887, 891 (8th Cir. 2001)(holding part-time work was past relevant work and a plaintiff would not be disabled if she could perform the actual functions and job duties of a particular past relevant job). The ALJ did not err in his determinations.

5 - FINDINGS AND RECOMMENDATION

## CONCLUSION

The decision of the Commissioner should be affirmed and this action should be dismissed pursuant to sentence four of 42 U.S.C. §405(g).

DATED this 21 day of May, 2014.

_____
THOMAS M. COFFIN
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION